UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
UNITED STATES OF AMERICA,

         Plaintiff,

-against-

WESLEY J. WILEY

         Defendant.

---------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ NOV 10 2011 ★
BROOKLYN OFFICE

**MEMORANDUM & ORDER**

10-cv-2106 (ENV)

**VITALIANO, D.J.**

 Plaintiff the United States of America commenced this action against defendant Wesley J. Wiley alleging Wiley defaulted on a student loan. Plaintiff has moved for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, and in the absence of opposition from Wiley, the Court concludes plaintiff is entitled to judgment as a matter of law. The motion is granted.

## I. BACKGROUND

 The following facts are drawn from the complaint, answer, and the submissions of plaintiff on its motion. Plaintiff also certified that it has complied with the local rule controlling summary judgment motions filed against self represented parties. See n. 1, infra. The facts are construed, as they must be in the summary judgment context, in the light most favorable to the nonmoving party. See Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc., 473 F.3d 450, 456 (2d Cir. 2007).

 On or about January 23, 1996, defendant executed a federal family education loan program consolidation loan and promissory note ("the Note") payable to Citibank, borrowing



1

$7,579.46. (Plaintiff's Affirmation in Support of Motion ("Plaintiff's Aff."), dated July 28, 2011, at 2.) The Note was guaranteed by the Higher Education Assistance Foundation and further insured by the United States Department of Education ("the Department"). (Id.) The loan was disbursed for $7,685.17 on March, 6, 1996, at 8% interest per annum. (Id., Ex. B.)

Wiley defaulted in his re-payment on January 14, 1999. (Id.) In response, the Higher Education Assistance Fund made payment on the Note to Citibank. Then, when the Higher Education Assistance Fund was unable to collect on the Note, the Department reimbursed the Higher Education Assistance Fund, and the Note was assigned to the Department, which has not been able to collect the outstanding amount. (Id. at 2-3.)

Plaintiff commenced this action on or about May 7, 2010 seeking the principal and interest due on the loan, pre-judgment interest, administrative costs, and post-judgment interest as it comes due. Plaintiff served defendant with the summons and complaint on or about August 10, 2010. (Id., Ex. D.) Defendant served his answer on or about August 16, 2010, in which he denied owing the debt. (Id., Ex. E.) Then, in granting a request by plaintiff for permission to file a summary judgment motion, the Court issued an order on July 26, 2011 setting the following deadlines: August 12, 2011 for plaintiff's motion papers, September 2, 2011 for defendant's opposition, and September 9, 2011 for plaintiff's reply, if any.

Wiley appears pro se in this action. Because of defendant's pro se status, the Court mailed a copy of its July 26, 2011 order to defendant on or about the day that the order was issued. Plaintiff served timely motion papers on or about July 28, 2011.[1] Yet, there has been no

---

[1] Furthermore, the notice of motion served on Wiley by plaintiff stated in bold, on its cover page that "Your failure to oppose the motion or request additional time to answer may result in this motion being granted on default and a judgment may be entered against you." And, plaintiff submits that it served on defendant, in compliance with Local Rule 56.2, (1) a copy of Fed. R. Civ. P. 56 and (2) a "Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment," explaining the potential consequences of not opposing a motion for summary judgment.

opposition or other communication from Wiley since the July 26 order was entered.

## II.     DISCUSSION

### A. Summary Judgment Standard

The Court's responsibility in assessing the merits of a summary judgment motion is not to try issues of fact, but rather to "determine whether there <u>are</u> issues of fact to be tried." <u>Sutera v. Schering Corp.</u>, 73 F.3d 13, 16 (2d Cir. 1995) (internal quotation marks omitted) (emphasis in original). The moving party bears the burden of demonstrating that there is no genuine issue as to any material fact, <u>see, e.g.</u>, <u>Jeffreys v. City of New York</u>, 426 F.3d 549, 553 (2d Cir. 2005), and the Court will resolve all ambiguities and draw all permissible factual inferences in favor of the party opposing the motion. <u>See, e.g.</u>, <u>Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.</u>, 391 F.3d 77, 83 (2d Cir. 2004); <u>Hetchkop v. Woodlawn at Grassmere, Inc.</u>, 116 F.3d 28, 33 (2d Cir. 1997) ("If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper.").

If the moving party meets its initial burden of demonstrating the absence of a disputed issue of material fact, the burden shifts to the nonmoving party. <u>See</u> Fed. R. Civ. P. 56(e). The nonmoving party may not rely solely on "conclusory allegations or unsubstantiated speculation" in order to defeat a motion for summary judgment. <u>Scotto v. Almenas</u>, 143 F.3d 105, 114 (2d Cir. 1998). Rather, the nonmoving party must "make a showing sufficient to establish the existence of [each] element to that party's case . . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986). If the evidence favoring the nonmoving party is "merely colorable, or is not significantly probative,

(Plaintiff's Aff. at 4; Local Rule 56.2).

summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511 (1986) (internal citations omitted).

If the motion is unopposed, summary judgment, if appropriate, shall be entered against the adverse party. Fed. R. Civ. Proc. 56(e). However, "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 242 (2d Cir. 2004). See also Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001) ("when a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial").

## B. The United States is Entitled to Summary Judgment

As proof that Wiley took out the loan in question, plaintiff has provided loan origination documents bearing Wiley's signature. (Plaintiff's Aff., Ex. A.) As proof that Wiley has not re-paid the loan, plaintiff has provided a Certificate of Indebtedness from the Department of Education stating that Wiley defaulted on January 14, 1999. (Id., Ex. B.) Wiley has not contested the authenticity of these documents, and such documents can constitute sufficient proof of a loan default. United States v. Terry, No. 08–CV–3785, 2009 WL 4891799 (E.D.N.Y. Dec. 11, 2009) (finding that a promissory note and Certificate of Indebtedness from the Department of Education were sufficient to hold a defendant liable). Accordingly, there is no genuine issue of material fact in dispute. Summary judgment, accordingly, is warranted and awarded.

4

## C. Damages and Costs

The Certificate of Indebtedness establishes that, as of October 5, 2009, Wiley owed $7,520.37 in principal and $6,040.64 in interest (a total of $13,561.01) with interest accruing on the principal at 8% per annum. As of October 12, 2011, an additional $1,214.80 of interest has accumulated, for a total due of $14,775.81. Pre-judgment interest shall continue to accrue at the rate of $1.65 a day from October 12, 2011 until the date judgment is entered.[2] The cost of the Court's $350 filing fee will not be awarded because the United States was not required to pay, and did not pay, that fee. Finally, the Court finds that the United States is entitled to post-judgment interest under 28 U.S.C. § 1961.

## III. CONCLUSION

For all the foregoing reasons, plaintiff's motion for summary judgment is granted. Plaintiff is awarded $7,520.37 in principal obligations and $7,255.44 in interest. Pre-judgment interest shall accrue at $1.65 a day from October 12, 2011 until the date judgment is entered. Finally, plaintiff is entitled to post-judgment interest under 28 U.S.C. § 1961.

Clerk of the Court is directed to enter judgment in accordance with this Memorandum and Order and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
October 12, 2011

ERIC N. VITALIANO
United States District Judge

---

[2] The 8% annual interest rate, when calculated on a daily basis, results in interest accruing at approximately $1.65 per day.

5